IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LTI Holdings, Inc.<br>600 South McClure Road<br>Modesto, CA  95357<br><br>    Plaintiff,<br><br>  v.<br><br>Lippert Components, Inc.<br>3501 C.R. 6<br>Elkhart, IN 46514<br><br>    Defendant. | Civil Action No. 3:15 - CV - 00232<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, LTI Holdings, Inc. ("LTI"), by and through the undersigned counsel, files this Complaint for patent infringement against Lippert Components, Inc. (the "Defendant"), and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale and offer for sale by Defendant of seal products including, for example, a two-part seal for a slide-out room, and Slide-Armor seals having an adjuster.

### THE PARTIES

2. LTI ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 600 South McClure Road, Modesto,

1

California  95357.

3. Lifetime Industries, Inc. is a corporation organized and existing under the laws of the State of Minnesota having a principal place of business at 53208 Columbia Drive, Elkhart, Indiana 46514.  Lifetime Industries, Inc. is a wholly owned subsidiary of LTI.

4. LTI Flexible Products, Inc. is a corporation organized and existing under the laws of the State of Minnesota having a principal place of business at 53208 Columbia Drive, Elkhart, Indiana 46514.  LTI Flexible Products, Inc. is a wholly owned subsidiary of LTI.

5. Lippert Components, Inc. is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3501 County Road Six, Elkhart, Indiana 46514.

## JURISDICTION AND VENUE

6. This is an action for patent infringement of United States Patents 6,966,590 ("the '590 patent"), 7,614,676 ("the '676 patent") and 7,614,677 ("the '677 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.  Plaintiff owns the '590, '676, and '677 patents and holds rights to sue and recover damages for infringement thereof, including past infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant makes, offers for sale, or sells infringing products and components thereof which are the subject of the patent infringement cause of action set forth herein.

8. Defendant has made, offered for sale, or sold infringing products within this judicial district.

9. This Court has personal jurisdiction over Defendant.  Defendant does and has done

substantial business in this District by placing its products, including those that infringe Plaintiff's patent, into the stream of commerce.

10. Defendant has committed and continues to commit acts of patent infringement in this district.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed and continues to commit acts of patent infringement that give rise to the claims alleged within this district.

## PATENT-IN-SUIT

12. On November 22, 2005, the United States Patent and Trademark Office duly and legally issued the '590 patent, titled "Two-Part Seal for a Slide-Out Room". A true and correct copy of the '590 patent is attached to this Complaint as Exhibit A.

13. On November 10, 2009, the United States Patent and Trademark Office duly and legally issued the '676 patent, titled "Resilient Seal for Mobile Living Quarters". A true and correct copy of the '676 patent is attached to this Complaint as Exhibit B.

14. On November 10, 2009, the United States Patent and Trademark Office duly and legally issued the '677 patent, titled "Seal Assembly for Mobile Living Quarters". A true and correct copy of the '677 patent is attached to this Complaint as Exhibit C.

15. LTI Flexible Products, Inc. owns the '590 patent.

16. Lifetime Industries, Inc. owns the '676 and '677 patents.

17. Plaintiff is the owner of all right, title and interest in and to the '590, '676, and '677 patents, including the right to sue for and recover all past, present, and future damages for infringement of the '590, '676, and '677 patents, as the owner of both LTI Flexible Products, Inc. and Lifetime Industries, Inc.

18. All maintenance fees for the '590, '676, and '677 patents which have come due have been paid and the patents have not expired.

19. Various manufacturers, including Forest River, Inc. ("Forest River") manufacture and sell recreational vehicles and mobile living quarters ("RV") from facilities in Elkhart County, Indiana. A network of distributors and resellers offer RVs manufactured by Forest River for sale to the general public.

20. Defendant has made, sold, offered for sale, and used infringing products on at least one RV made by Forest River and on an RV of at least one other RV manufacturer located in the northern district of Indiana.

21. Plaintiff currently produces, sells, and distributes two-part seals covered by the '590, '676, and '677 patents under the name EK-Seal and KE-Seal (collectively, "EK/KE Seals"). The EK/KE Seals include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion. A brochure of the EK/KE Seals as covered by the '590, '676, and/or the '677 patent is shown in Exhibit D.

22. Norman Newhouse was intimately involved in the design of Plaintiff's EK/KE Seals and is a named inventor on the '590, '676, and '677 patents.

23. Defendant makes, uses, sells, or offers for sale a two part seal ("First Accused Product") that infringes one or more claims of the '590 patent under United States law. Photographs of the First Accused Product are shown in Exhibit E.

24. Defendant makes, uses, sells, or offers for sale a Slide Armor seal ("Second Accused Product") that infringes one or more claims of the '590, '676 and/or the '677 patents under United States law. Photographs of the Second Accused Product are shown in Exhibit F.

25. Defendant makes, uses, sells, or offers for sale a different version of the Slide

Armor seal ("Third Accused Product") that infringes one or more claims of the '590, '676, and/or the '677 patents under United States law.  Photographs of the Third Accused Product are shown in Exhibit G.

26. Defendant has made, used, sold, or offered for sale the First, Second, and/or Third Accused Products to at least one manufacturer who manufactures RVs with slide-out rooms.  The First, Second, and Third Accused products are specifically for use with RVs with slide-out rooms.

27. The First, Second, and/or Third Accused products are identified in a sales brochure bearing Defendant's name.  The brochure is attached as Exhibit H.

28. Defendant's sales brochure shows a photograph of its First, Second, and/or Third Accused Product installed on an RV.

29. Defendant employed Norman Newhouse at least as early as February 2014.  At that time, Norman was aware of the '590, '676, and '677 patents.

30. Defendant had knowledge of the '590, '676, and '677 patents through Norman Newhouse as early as February 2014.

31. Defendant had knowledge that its First, Second, and Third Accused Products infringed the '590, '676, and '677 patents before Defendant made, sold, or offered for sale the First, Second, and/or Third Accused Products.

32. Defendant had knowledge of the '590, '676, and '677 patents before Defendant made its sales brochure shown in Exhibit H.

33. A cease and desist letter was sent to Jason Lippert, the CEO of Defendant, on March 26, 2015.  The cease and desist letter (Exhibit I) specifically referenced the '590 and '677 patents and First and Second Accused Products.  At least as early as the receipt of that letter, Defendant had specific knowledge of the '590 and '677 patents and Plaintiff's accusation of

USDC IN/ND case 3:15-cv-00232-JVB-CAN   document 1   filed 06/02/15   page 6 of 20

infringement. Defendant has acknowledged receipt of this letter evidenced by a response from their counsel on April 8, 2015.

34. Defendant continued to make, offer for sale and sell the First, Second, and/or Third Accused Product after receiving the cease and desist letter.

35. Defendant has not offered to buy or license the '590, '676, or '677 patents from Plaintiff.

## COUNT 1: DIRECT INFRINGEMENT OF THE '590 PATENT

36. Paragraphs 1 through 35 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

37. Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, and selling the First, Second, and/or Third Accused Products. Defendant has combined one or more of the Accused Products with RVs having slide out rooms in the United States.

38. Claim 1 of the '590 patent covers a resilient seal used in combination with mobile living quarters, which includes RVs. An RV, according to Claim 1, has a slide-out room defining an interior space, and with a first sidewall having an exterior side with an opening through the first sidewall in which the slide-out room is shifted between open and closed positions. The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room. The slide out room includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position. The seal according to Claim 1 has a mounting portion attached to the first sidewall along the opening and a separate bulb portion. The bulb portion is slidably connected to the mounting portion for compressible

6

contact with the flange of the exterior wall when the slide-out room is in its closed position. The First, Second, and Third Accused Products are manufactured for use with an RV having a slide-out room and were found to be installed on an RV or mobile living quarters with a slide-out room. The First, Second, and Third Accused Products have a mounting portion, which was attached to the first sidewall. The First, Second, and Third Accused Products further contain a separate bulb portion that is slidably connected to the mounting portion. As installed on the RV or mobile living quarters, the bulb portion has compressible contact with the flange of the exterior wall. The First, Second, and Third Accused Products contain each and every element of Claim 1, and therefore infringe Claim 1.

39. Claim 2 of the '590 patent depends from Claim 1 and further specifies a tongue and groove connection between the bulb and mounting portion. The First, Second, and Third Accused Products utilize a tongue and groove design to connect the bulb portion to the mounting portion. The First, Second, and Third Accused Products contain each and every element of Claim 2, and therefore infringe Claim 2.

40. Claim 3 of the '590 patent depends from Claim 1 and further specifies a wiper portion to slide along the side wall of the slide-out room. The First, Second, and Third Accused Products include a wiper portion. The First, Second, and Third Accused Products contain each and every element of Claim 3, and therefore infringe Claim 3.

41. Claim 4 of the '590 patent depends from Claim 3 and further specifies a fastener through the mounting portion for attaching the mounting portion to the first sidewall, and an adhesive between the mounting portion and the first sidewall, and the fastener is covered by the bulb portion. The First, Second, and Third Accused Products include an adhesive and was attached to the first sidewall of the RV manufactured by Forest River using fasteners. The First,

Second, and Third Accused Products contain each and every element of Claim 4, and therefore infringe Claim 4.

42. Claim 5 of the '590 patent depends from Claim 4 and further specifies the mounting portion is attached to the exterior side of the first sidewall. As installed on the RV, the mounting portion is installed on the exterior side of the first sidewall. The mounting portion is further shown as installed on the exterior side of the first sidewall in the brochure (Ex. H). The First, Second, and Third Accused Products contain each and every element of Claim 5, and therefore infringe Claim 5.

43. Claim 6 of the '590 patent covers a method of attaching a seal to mobile living quarters having a slide-out room defining an interior space, and having a first sidewall with an exterior side with an opening through first sidewall in which the slide-out room is shifted between open and closed positions. The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room. The slide out room includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position. The seal includes an elongated mounting portion and an elongated bulb seal portion, Claim 6 includes the following steps:

    a) affixing the mounting portion to the first wall adjacent to the opening using both adhesive and mechanical fasteners;

    b) attaching the bulb seal portion to locate the bulb portion in compressed engagement with and between the first sidewall and the flange when the slide-out room is in its closed position;

    c) sliding the bulb seal along the attached mounting to a selected position; and

    d) maintaining the selected position of the bulb seal portion to the mounting portion by

fastening the bulb seal portion to the mounting portion. Defendant installed the First, Second, and/or Third Accused Products according to the steps of Claim 6, and therefore infringe Claim 6.

44. Defendant's representative, agent, or employee visited Forest River in Elkhart, Indiana in or around May 2015. This individual was acting on behalf of the Defendant. While at Forest River, Defendant's representative, agent, or employee assisted with the installation, directed the installation, or directly installed the First, Second, and/or Third Accused Products on an RV having a slide-out room, thereby creating the combination covered in Claims 1 through 6 of the '590 patent.

45. Defendant installed the First, Second, and/or Third Accused Products on an RV other than one manufactured by Forest River.

46. Defendant has made, offered for sale, and sold the infringing Accused Products after knowing of the '590 patent and will continue to engage in infringing behavior unless enjoined by this Court. This case is exceptional within the meaning of 35 U.S.C. § 285.

## COUNT 2: DIRECT INFRINGEMENT OF THE '676 PATENT

47. Paragraphs 1 through 46 of Plaintiff's Complaint are incorporated in Count 2 of Plaintiff's Complaint as if fully set forth herein.

48. Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '676 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, and selling the Second and/or Third Accused Products in the United States.

49. Claim 1 of the '676 patent covers a resilient seal for mobile living quarters having

main living area walls defining a main living area. An aperture in one of the main living area walls slidably receives a slide-out room having slide-out room walls defining auxiliary living space. The one main living area wall has an outside surface, an inside surface, and a transverse surface extending between the inside and outside surfaces. The transverse surface defines the aperture. The resilient seal has a pair of attaching members extending along the one main living area wall at the aperture. The seal has a connecting member that extends between the attaching members and along the transverse surface when installed. The connecting member includes an adjuster for adjusting the distance between the attaching members. The adjuster is an accordion pleat in the connecting member. The Second and Third Accused Products are resilient seals manufactured for mobile living quarters having a main living area wall with an aperture with a slide-out room. Further, the Second and Third Accused Products have attaching members which extend along the one main living area wall and are attached to the inside and outside surfaces. Connecting the attaching members on the Second and Third Accused Products and extending along the transverse surfaces is a connecting member with an adjuster that is an accordion pleat that allows the attaching members to be affixed to the main living area wall with variation in the distance between the attaching members. The Second and Third Accused Products contain each and every element of Claim 1, and therefore infringe Claim 1.

50. Claim 3 depends from Claim 1 and includes a bulb sealing portion mounted to the attaching members. The Second and Third Accused Products further contain a separate bulb sealing portion that is connected to the attaching member. The Second and Third Accused Products contain each and every element of Claim 3, and therefore infringe Claim 3.

51. Defendant has made, offered for sale, and sold the infringing Accused Products after knowing of the '676 patent and will continue to engage in infringing behavior unless

enjoined by this Court.  This case is exceptional within the meaning of 35 U.S.C. § 285.

## COUNT 3: DIRECT INFRINGEMENT OF THE '677 PATENT

52. Paragraphs 1 through 51 of Plaintiff's Complaint are incorporated in Count 3 of Plaintiff's Complaint as if fully set forth herein.

53. Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '677 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, and selling the Second and/or Third Accused Products in the United States.

54. Claim 1 of the '677 patent covers a resilient seal for mobile living quarters having main living area walls defining a main living area.  An aperture in one of the main living area walls slidably receives a room with walls defining auxiliary living space.  The one main living area wall has an outside surface, an inside surface, and a transverse surface extending between the inside and outside surfaces. The transverse surface defines the aperture.  The seal assembly has a pair of attaching members that extend along the one main living area wall at the aperture.  The attaching members are also secured to the inside and outside surfaces.  At least one of the attaching members carries a pair of parallel rails, each of the parallel rails cooperates with one attaching member to define facing grooves cooperating to define a generally T-shaped slot.  The bulb sealing member has a T-shaped tab that mates with the slot to secure the bulb sealing member to the attaching member.  The seal includes a connecting member that extends between the attaching members and along the transverse surface.  The connecting member includes an adjuster for adjusting the distance between the attaching members.  The slide-out room is movable between fully extended and fully retracted positions and carries at least one flange

11

projecting outwardly from the slide-out room walls.  A bulb sealing member mounts on at least one of the attaching members and is engaged by the flange of the slide-out room when it is in the fully extended or fully retracted position.  The Second and Third Accused Products are manufactured for use with an RV having a slide-out room and have a pair of attaching members, which, when installed, extend along the one main living area wall at the aperture.  Specifically, they attach to the inside and outside surfaces of the one main living area wall.  At least one of the attaching members has a pair of parallel rails that form a T-shaped slot.  Connecting the attaching members on the Second and Third Accused Products are connecting members with an adjuster that allows the attaching members to be affixed to the main living area wall with variation in the distance between the inside and outside surfaces.  The Second and Third Accused Products further contain a separate bulb sealing member that is connected to the attaching member to the mounting portion through a T-shaped tab.  The Second and Third Accused Products contain each and every element of Claim 1, and therefore infringe Claim 1.

55. Claim 2 of the '677 patent depends from Claim 1 and further specifies a third rail that is parallel to the rails that form the T-shaped slot.  The bulb sealing member has a lip that engages the third rail.  The Second and Third Accused Products utilize a third rail that is parallel to the rails that form the T-shaped slot.  The Second and Third Accused Products further include a lip that engages the third rail.  The Second and Third Accused Products contain each and every element of Claim 2, and therefore infringe Claim 2.

56. Claim 3 of the '677 patent covers a seal assembly for mobile living quarters with main living area walls defining a main living area.  The mobile living quarters has an aperture in one of the main living area walls slidably receiving a room having room walls defining auxiliary living space.  The one main living area wall has an outside surface, an inside surface, and a

transverse surface that extends between the inside and outside surfaces. The transverse surface defines the aperture. The seal assembly has a pair of attaching members that extend along the one main living area wall at the aperture. The attaching members are secured to the inside and outside surfaces. A connecting member extends between the attaching members and along the transverse surface. The connecting member includes an adjuster for adjusting the distance between the attaching members. The connecting member extends across the transverse surface to permit attaching members to be mounted on their respective inside and outside surfaces. The adjuster permits the connecting member to be adjusted to accommodate main living area walls of different thicknesses, the adjuster being an accordion pleat in the connecting member. The Second and Third Accused Products are manufactured for use with an RV having a slide-out room and have a pair of attaching members, which, when installed, extend along the one main living area wall at the aperture. Specifically, they attach to the inside and outside surfaces of the one main living area wall. Connecting the attaching members on the Second and Third Accused Products are connecting members with an adjuster that is an accordion pleat that allows the attaching members to be affixed to the main living area wall with variation in the distance between the inside and outside surfaces. The Second and Third Accused Products contain each and every element of Claim 3, and therefore infringe Claim 3.

57. Defendant has made, offered for sale, and sold the infringing Accused Products after knowing of the '677 patent and will continue to engage in infringing behavior unless enjoined by this Court. This case is exceptional within the meaning of 35 U.S.C. § 285.

**COUNT 4: INDUCED INFRINGEMENT OF THE '590 PATENT**

58. Paragraphs 1 through 57 of Plaintiff's Complaint are incorporated in Count 4 of Plaintiff's Complaint as if fully set forth herein.

59. Defendant, without authorization by Plaintiff, and aware of the infringing nature of the First, Second, and Third Accused Products, has knowingly induced and continues to induce Forest River and others to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(b), by deliberately encouraging Defendant's customers, resellers, and distributors, to make, use, offer for sale, and sell the First, Second, and/or Third Accused Products in combination with RVs having slide-out rooms in the United States. Defendant knowingly caused Forest River and others to incorporate the First, Second, and/or Third Accused Products into RVs having slide-out rooms and knowingly and intentionally caused RV manufacturers to commit acts which constituted direct infringement of the '590 patent. Therefore, the activities of the Defendant with regard to RV manufacturers, including Forest River, constituted induced infringement by the Defendant.

60. The First, Second, and Third Accused Products as they were installed on an RV directly infringe at least one claim of the '590 patent.

61. Forest River's and at least one other RV manufacturer's making, using, offering for sale, and selling of an RV having the First, Second, and/or Third Accused Products constitute direct infringement.

62. Forest River and at least one other RV manufacturer incorporated the First, Second, and Third Accused Products into an RV and therefore infringe the '590 patent.

63. Defendant targeted Forest River and at least one other RV manufacturer to

incorporate the First, Second, and Third Accused Products into RVs with slide-out rooms. Defendant knew an RV manufacturer would incorporate the First, Second, and/or Third Accused Products specifically into an RV having a slide-out room.

64. Defendant influenced Forest River and at least one other RV manufacturer to include the First, Second, and Third Accused Products as a component of their RVs, knowing at the time that such combination would fulfill all elements of at least one claim of the '590 patent.

65. Instructional materials and sales brochures (Ex. H) were created with the knowledge of the infringing nature of the First, Second, and Third Accused Products. These materials were handed to customers to demonstrate how the products are installed. The sales brochure shows the Second Accused Product installed on a RV having a slide-out room and therefore Defendant's intent to influence Forest River and at least one other RV manufacturer to infringe the '590 patent.

66. There is no other use for Defendant's First, Second, and Third Accused Products other than on RV slide-out rooms. Defendant's brochure (Ex. H) shows no other use for its First, Second, and Third Accused Products other than on RV slide-out rooms.

67. Defendants, employees, representatives, or agents assisted in the installation or directed the installation of the First, Second, and/or Third Accused Products at RV manufacturers. At the time, Defendant's employees, representatives, or agents made or assisted with the installation, they were aware of the infringing nature of the First, Second, and Third Accused products. Therefore, Defendant has shown intent to induce infringement of the '590 patent by RV manufacturers, including Forest River.

68. It can be inferred from the Defendant's sales calls, brochure, visits, and installation of the First, Second, and Third Accused Products on RVs with slide-out rooms that Defendant

15

intended the First, Second, and/or Third Accused Products be used on RVs with slide-out rooms.

## COUNT 5: CONTRIBUTORY INFRINGEMENT OF THE '590 PATENT

69. Paragraphs 1 through 68 of this Complaint are incorporated in Count 5 of Plaintiff's Complaint as if fully set forth herein.

70. Defendant, without authorization by Plaintiff, has and continues to knowingly contribute to infringement by Forest River and at least one other RV manufacturer of at least one claim of the '590 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, and selling the First, Second, and/or Third Accused Products on RVs with slide-out rooms in the United States.  Such making, using, offering for sale, and selling the First, Second, and/or Third Accused Products to Forest River in the United States with the knowledge that it is especially adapted for infringing use constitutes contributory infringement by Defendant.  Defendant knows, for the reasons described above, that the First, Second, and Third Accused Products are made specifically and adapted for infringing the '590 patent.

71. The First, Second, and/or Third Accused Products as they were installed on an RV directly infringe at least one claim of the '590 patent.

72. Forest River's and at least one other RV manufacturer's making, using, offering for sale, and selling of an RV having the First, Second, and/or Third Accused Products constitute direct infringement.

73. Forest River incorporated the First, Second, and/or Third Accused Products into an RV and therefore infringe the '590 patent.

74. The components of the First, Second, and Third Accused Products supplied by the Defendant are not staple articles of commerce suitable for non-infringing use.  The components

or assembly of the First, Second, and Third Accused Products have no use apart from sealing a slide-out room. Defendant's customers, including Forest River, used the First, Second, and/or Third Accused Products only on RVs having slide-out rooms.

75. Defendant's employees, representatives or agents supplied components that were non-staple articles of commerce to Forest River and at least one other RV manufacturer for the First, Second, and/or Third Accused products, knowing at the time that Forest River would use those components to create an infringing product.

76. Defendant's brochure (EX. H), sales calls, visits, and installation of First, Second, and/or Third Accused Products on RVs with slide-out rooms indicate that Defendant knew the First, Second, and/or Third Accused Products would be used on RVs with slide-out rooms.

77. Defendant was aware Forest River could only use the First, Second, and/or Third Accused Products on RVs having slide-out rooms.

78. Forest River and at least one other RV manufacturer were aware of, requested, or participated in the aforementioned installation of the First, Second, and/or Third Accused Products on an RV.

## DEMAND FOR JURY T R I A L

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor:

a) declaring the '590 patent is directly infringed by Defendant;

b) declaring the Defendant induced infringement of the '590 patent;

c) declaring the Defendant has contributorily infringed the '590 patent;

d) declaring Defendant's infringement of the '590 patent has been willful;

e) declaring Defendant be preliminarily and permanently enjoined from manufacturing, using, selling, and offering to sell the infringing products in the United States prior to the expiration of the '590 patent;

f) awarding damages adequate to compensate Plaintiff for Defendant's infringement of the '590 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

g) declaring the '676 patent is directly infringed by Defendant;

h) declaring Defendant's infringement of the '676 patent has been willful;

i) declaring Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '676 patent;

j) awarding damages adequate to compensate Plaintiff for Defendant's infringement of the '676 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

k) declaring the '677 patent is directly infringed by Defendant;

l) declaring Defendant's infringement of the '677 patent has been willful;

m) declaring Defendant be preliminarily and permanently enjoined from manufacturing, using, selling, and offering to sell the infringing products in the United States prior to the expiration of the '677 patent;

n) awarding damages adequate to compensate Plaintiff for Defendant's infringement of the '677 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

o) awarding all costs and expenses of this action, including reasonable attorneys' fees; and

p) awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

Dated: June 2, 2015
Respectfully submitted,

S/Michael D. Marston
Michael D. Marston
E-mail mmarston@bhlawyers.net
Garrick T. Lankford
E-mail glankford@bhlawyers.net
Botkin & Hall, LLP
Suite 400, Jefferson Centre
105 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Plaintiff, LTI Holdings, Inc.*

CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the above and foregoing document was filed electronically on June 2, 2015 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                              S/ Michael D. Marston
                                                 Michael D. Marston