# United States District Court
# Northern District of Indiana

| | |
|---|---|
| LTI HOLDINGS INC., LTI FLEXIBLE )<br>PRODUCTS INC., and LIFETIME )<br>INDUSTRIES INC., )<br>)<br>        Plaintiffs, )<br>)<br>        v. )<br>)<br>LIPPERT COMPONENTS )<br>MANUFACTURING INC., )<br>)<br>        Defendant. ) | Civil Action No. 3:15-CV-232 JVB |

**OPINION AND ORDER**

This matter is before the Court on the motion of Defendant, Lippert Components Manufacturing Inc., to dismiss Plaintiffs' case for lack of subject matter jurisdiction (DE 18).

**A.    Facts**

Plaintiff LTI Holdings Inc. ("LTI") initiated this suit on June 2, 2015, by filing a complaint for infringement of three patents against Defendant, Lippert Components Inc.[1] The caption shows only LTI as a plaintiff, but in the body of the complaint, under the heading "THE PARTIES," LTI describes itself, as well as Lifetime Industries Inc. ("Lifetime"), and LTI Flexible Products Inc. ("Flexible"), identifying Lifetime and Flexible as its wholly owned subsidiaries. Elsewhere in the original complaint, LTI stated first that it owns the patents in suit (the '590 patent, the '676 patent, and the '677 patent) and later, that Flexible owns the '590 patent, and that Lifetime owns the '676 and '677 patents, but that LTI is the owner of all three

---

[1] In its first amended complaint LTI corrected the name of Defendant to Lippert Components Manufacturing Inc.

patents as the owner of both Flexible and Lifetime.

On July 1, 2015, LTI filed a motion to join Flexible and Lifetime as necessary parties, stating that these entities are the owners of the patents and that they have the "exclusive right, title, and interest to defend any potential claims detrimental to" their rights (DE 9, ¶¶ 5 & 6). LTI described itself as the holder of security interests in the patents. On July 7, 2015, the magistrate judge granted the motion for joinder. A second amended complaint was filed on July 13, 2015, showing LTI, Flexible, and Lifetime as plaintiffs and alleging infringement of the same three patents, but this time alleging that LTI, Flexible, and Lifetime own them and hold rights to sue and recover damages for infringement.

On August 11, 2015, Lippert filed this motion to dismiss, arguing that LTI lacked standing to sue when it filed the original complaint, a defect that goes to subject matter jurisdiction, that the defect cannot be cured by joining additional parties, and that, accordingly, the action must be dismissed.

**B.    Discussion**

The plaintiff in a patent infringement suit has the burden of proving that when it filed the complaint it either owned the patent on which its suit is based or was an exclusive licensee—the equivalent of an assignee of the patent. *Fieldturf, Inc. v. Sw. Recreational Indus.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004). If that condition is not met, the district court lacks jurisdiction. *DePuy v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1238 (N.D. Ill. 2005) (Posner, Circuit Judge, sitting by designation).

In the original complaint, LTI claimed ownership by virtue of the fact that Flexible and Lifetime—the owners of the patents—are its wholly owned subsidiaries. But the parent of a

2

wholly owned subsidiary may not sue for injuries to its subsidiary. *Id.* LTI alleged nothing in the original complaint to establish that it either owns the patents itself or is an exclusive licensee. Nor has it offered any evidence to establish such rights in the patents since Lippert challenged the Court's subject matter jurisdiction.

LTI suggests in its response to Lippert's motion that Flexible and Lifetime have been parties to this action all along because they were mentioned under the "PARTIES" heading in the original complaint. However, it is clear from the wording of the original complaint (Flexible and Lifetime are not listed in the caption as required by Federal Rule of Civil Procedure 10, the introductory paragraph states that LTI filed the action, and after their signatures the attorneys indicate that they represent LTI alone) as well as the fact that LTI filed a motion to join them as parties, that the subsidiaries were not initially intended to be, and were not in fact, parties to the original complaint.

Because LTI lacked standing when the suit was filed, the Court lacked jurisdiction over the action. Without jurisdiction, the Court lacked power to enter the order making Flexible and Lifetime additional parties, so that the defect could not be cured in that manner.

**C.     Conclusion**

For the foregoing reasons, the Court GRANTS Lippert's motion to dismiss (DE 18). This case is dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED on September 1, 2015.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division
